# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1050V
### Filed: January 12, 2015
### Not For Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| AMY FOGG, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Tdap; Shoulder Injury Related to |
| | * | Vaccine Administration (SIRVA) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Paul Brazil, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 28, 2014, Amy Fogg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that Ms. Fogg suffered a left shoulder injury as a result of the administration of a tetanus, diphtheria, and pertussis ("Tdap") vaccination on February 12, 2014. (Petition at p. 1.)

On January 12, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. (*See* Ruling on Entitlement (ECF No. 15).) Also on January 12, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to which petitioner would be entitled under § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4). According to respondent's Proffer, petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

agrees to the proposed award of compensation.  Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

**A lump sum payment of $120,000.00 in the form of a check payable to petitioner, Amy Fogg.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| AMY FOGG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 14-1050V |
| | )   Chief Special Master Denise Vowell |
| | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$120,000.00.  This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4).  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as

lump sum payment of $120,000.00, in the form of a check payable to petitioner.[1]  Petitioner is a

competent adult.  Evidence of guardianship is not required in this case.  This amount accounts

for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be

entitled.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the
right to move the Court for appropriate relief.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  January 12, 2015